This is an appeal prosecuted pro se by Robert Whitehead (defendant) from a default judgment in the amount of $13,226.54 in favor of Bi-Petro Marketing, Inc. (plaintiff).
On December 17, 1975 Bi-Petro Marketing, Inc. (Bi-Petro) delivered 43,111 gallons of number two diesel fuel to Republic Oil Gas Corporation (Republic) pursuant to their agreement. After delivery Republic failed to make the required payment for the fuel. Thereafter Robert Whitehead, President of Republic, sent Bi-Petro a letter dated February 4, 1976 acknowledging Republic's obligation to pay for the fuel. By that letter, Republic agreed either to return to Bi-Petro 43,111 gallons of number two diesel fuel or to make four weekly payments for the fuel in the total amount of $12,717.82. However, Bi-Petro received neither diesel fuel nor payment from Republic.
Bi-Petro then brought this action on May 10, 1976 against Republic, Robert Whitehead and Hannon Fayard, a salesman for Republic, for the account balance due plus interest, and for fraud. On June 11, 1976 Whitehead answered the complaint essentially by denying its allegations. Later, after Bi-Petro filed an affidavit for entry of a default judgment alleging that Republic failed to timely answer the complaint, default judgment was entered in the amount of $13,226.54 on August 2, 1976 against Republic.
In February, 1977 Whitehead, apparently then a prisoner in a federal penitentiary, moved for a writ of habeas corpus adtestificandum *Page 152 
so that he could defend himself pro se at trial but this motion was denied by the trial court. Also his attorney had apparently withdrawn from the action prior to this time. At trial, on March 23, 1977, after noting that Whitehead failed to appear, the trial court heard evidence ore tenus and then entered a default judgment against Whitehead for $13,226.54. His motion for a rehearing was denied on April 22, 1977. The trial court, however, did grant his motion for permission to appeal the default judgment in forma pauperis pro se. Whitehead then filed notice of appeal to this Court. After the appeal was filed, Bi-Petro filed a motion in this Court to dismiss the appeal alleging Whitehead's failure to file an affidavit in formapauperis pursuant to Rule 24, ARAP. Whitehead, however, did file an in forma pauperis affidavit later in this Court.
Among the issues raised by the parties are these questions:
1. Whether the appeal should be dismissed as not conforming to Rule 24, ARAP.
2. Whether the trial court erred in denying appellant's motion for writ of habeas corpus ad testificandum when he was an incarcerated prisoner.
3. Whether the trial court erred in denying Whitehead a trial by jury.
4. Whether the trial court erred in granting default judgment when Whitehead was the president of an indebted corporation.
The appellee insists initially that Whitehead's appeal to this Court should be dismissed because he did not file an affidavit showing his inability to pay fees and costs as required by Rule 24, ARAP. The pertinent portion of Rule 24, ARAP is:
 (a) A party to an action in a court who desires to proceed on appeal in forma pauperis shall file in the trial court a motion for leave so to proceed, together with an affidavit showing, in the detail prescribed by Form 15 of the Appendix of Forms, his inability to pay fees and costs or to give security therefor, his belief that he is entitled to redress, and a statement of the issues which he intends to present on appeal. If the motion is granted, the party may proceed without further application to the appellate court and without prepayment of fees or costs in either court or the giving of security therefor. . . .
The appellee's argument, however, disregards the effect of the trial court's order granting Whitehead's motion to appeal the default judgment in forma pauperis pro se. Indeed, the above-quoted portion of Rule 24 contemplates that a motion to appeal in forma pauperis and an affidavit shall be filed before the trial court rules on the appropriateness of the person to proceed in forma pauperis on appeal. Because the trial court granted that motion, he impliedly considered Whitehead's financial circumstances, which the affidavit seeks to ascertain, before he granted the motion to appeal in formapauperis. Thus the motion to dismiss is not well taken.
The appellant argues, on the other hand, that the trial court erred in not allowing him to testify in person at the trial. That position erroneously assumes that Whitehead was entitled in this civil case to have himself brought from the penitentiary to testify in his own behalf. But the common lawwrit of habeas corpus ad testificandum was superseded by Tit. 45, § 60, Alabama Code (Recomp. 1958) which in turn was superseded by Rules 26 and 43 of the Alabama Rules of Civil Procedure. See Ex parte Brown, 206 Ala. 528, 91 So. 306 (1921) and Appendix II, Statutes and Rules Superseded, ARCP. Appellant's proper remedy was to take his own testimony upon oral examination under Rule 30, ARCP, upon written questions under Rule 31, ARCP, or upon written questions under Rule 33, ARCP. See also Rule 32 (a)(3)(C), ARCP.
The appellant also argues that the trial court erred because it denied him a trial by jury. The record discloses that neither the appellant, nor his attorney prior to withdrawal, made a demand for a trial by jury and neither was present at trial *Page 153 
when default judgment was entered. Rule 38 (d), ARCP provides:
 The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5 (d) constitutes a waiver by him of trial by jury. . . . The failure to appear, in person or by counsel, at the trial is a waiver of trial by jury. . . .
Therefore, appellant's failure to demand a jury trial and his failure to have counsel represent him at trial constituted waiver of a jury trial.
The appellant insists that because he was incarcerated and he was relying on his counsel to demand a jury trial in his behalf, his error should be considered "excusable neglect" under Rule 60 (b), ARCP. The pertinent portion of Rule 60 (b) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . .
Although the appellant, after entry of judgment, moved in the trial court for rehearing on the ground that he was prevented from testifying due to force majeure, he failed to allege "excusable neglect" by either conclusion or facts that would establish "excusable neglect" which would entitle him to relief under Rule 60 (b). It is obvious that appellant is using the same reasoning for excusing absence of counsel at trial as he did for his own absence. For aught that appears the absence of counsel represents a conscious disregard by appellant to provide for his own representation. This is so because appellant filed his motion for writ of habeas corpus adtestificandum on February 7, 1977 and it is a fair conclusion he had knowledge at least by that date that his attorney had withdrawn from the action. The trial did not take place until March 23, 1977. Thus, from the record it appears that the appellant had sufficient time to make demand for a jury trial and employ new counsel.
As we have pointed out previously and as Justice Embry stated in Whitehead v. Baranco Color Labs, Inc., 353 So.2d 793 (Ala. 1977), the appellant, as an incarcerated prisoner, had no right to have himself brought to court to testify in his own behalf in this civil action, hence we perceive no error by the trial court denying appellant's motion for rehearing. And since appellant cannot now raise "excusable neglect" for the first time on appeal, his argument made in this Court must fail.
The appellant argues further that in his individual capacity as President of Republic Oil Gas Corporation, he was not liable for Republic's indebtedness to Bi-Petro. Although this argument may be plausible it overlooks the effect of the default judgment, the entry of which precludes argument on that question.
There being no reversible error, the judgment of the trial court must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.