Charles Leon **BOLDEN**, Plaintiff-Appellant,

v.

Junior **ODUM**, Sheriff, Buddy Allen, Investigator, Otis Thomas Lott, Deputy, Newton County Sheriff's Department, Defendants-Appellees.

No. 81–7760
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 14, 1983.

**550**

Charles Leon Bolden, pro se.

John P. Howell, Covington, Ga., for Lotts.

William Thomas Craig, Covington, Ga., for Lotts and Allen.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

PER CURIAM:

After a jury trial, judgment in this case was entered on August 12, 1981, in favor of the defendants and against the plaintiff, who now brings this appeal. Plaintiff's complaint in the district court was based upon charges that defendants had violated his constitutional rights under color of state law while he was an inmate in the Newton County, Georgia jail. Jurisdiction was asserted pursuant to 42 U.S.C. § 1983. Plaintiff proceeded at trial and in this court pro se. On August 17, 1981, plaintiff filed his motion for new trial; on September 9, 1981, he filed his notice of appeal; and on September 22, 1981, the district court denied plaintiff's motion for new trial.

We dismiss this appeal because we lack jurisdiction. We stated in *Martin v. Campbell*, 692 F.2d 112 (11th Cir., 1982):

FRAP 4(a)(4) renders ineffective a notice of appeal filed during the pendency of specified posttrial motions, including a motion for a new trial, and requires that a new notice of appeal be filed after the posttrial motion is disposed of.

Rule 4(a)(4) was amended in 1979 to include the following language:

A notice of appeal filed before the disposition of any of the above motions [FRCP 59, et al] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

Since the opinion in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), courts have shown leniency in construing pleadings filed by pro se litigants. There the Supreme Court reversed a dismissal of an inartfully drawn complaint filed by a prisoner pro se. *See also Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Our dismissing this appeal is not contrary to the view expressed by *Haines*. If a pro se complainant meets jurisdictional requirements, we can extend such leniency as justice requires in construing the pleadings filed by such a litigant. In *Yates v. Mobile Cty. Personnel Board*, 658 F.2d 298 (5th Cir. Unit B 1981), the pro se complainant filed a "Petition for Supervisory Writ of Mandamus and Certiorari" within 30 days after the district court entered final judgment. The petition clearly indicated an intent to appeal from the final judgment. The court accepted jurisdiction because the requirements for a timely notice of appeal had been met and the irregularity related to a matter of an inartful choice of words.

In the present case, we are not permitted to excuse Bolden's failure to comply with Rule 4(a)(4) which clearly requires a timely notice of appeal to be filed after the district court enters its order on a motion for new trial. Lacking jurisdiction, this appeal is DISMISSED.