This is an appeal by husband, pro se, from a divorce judgment.
The hearing was ore tenus. Husband was not present nor was he represented by counsel. He was in prison at the time of the hearing and had filed a motion with the trial court to have himself brought from prison so as to be present at the hearing. His motion was denied. He filed a petition for writ of mandamus in this court. The writ was denied on the basis of Whitehead v.Bi-Petro Marketing, Inc., 356 So.2d 150 (Ala. 1978). That case points out that a prisoner is not entitled in a civil case to have himself brought from the penitentiary to testify in his own behalf, and that the proper remedy is to take one's own testimony upon oral examination under Rule 30, A.R.Civ.P., upon written questions under Rule 31, A.R.Civ.P., or upon written questions under Rule 33, A.R.Civ.P. In other words, Alabama discovery and evidentiary procedures are designed to effectively provide those in such a position as husband the constitutional safeguards of notice and opportunity to be heard. Husband contends *Page 1059 
on appeal that the refusal of the court to order him to be brought from the prison for the hearing constituted a denial of due process and equal protection under the Constitutions of the United States and the State of Alabama.
The record reveals that the complaint was duly served upon the husband at the prison. He promptly filed an answer pro se. An order setting the matter for hearing more than two months thereafter was entered. Other matters were filed pro se including further answer, allegations of fact, and request for affirmative relief. During the two months between answer and hearing, no effort was made to establish discovery under any Alabama Rule of Civil Procedure. In fact, much of the complaint was admitted in the answer including the fact that the parties had lived separate and apart except for conjugal interludes since 1978.
It is the judgment of this court that under the authority ofWhitehead we are bound to affirm the judgment below.
Husband contends that the court's division of property was inequitable and unjust. This is a matter of judicial discretion which will not be reversed unless the trial court's judgment is so arbitrary and unjust as to constitute an abuse of judicial discretion. Panayiotou v. Panayiotou, 419 So.2d 242
(Ala.Civ.App. 1982).
The wife had been conveyed husband's interest by proper instrument in the real and personal property referred to in the decree of divorce prior to the beginning of the action. Husband claims bias of the trial judge because he was an incarcerated prisoner. We find no evidence of bias on the record.
Husband asserts error in the court's order restraining him from contacting or talking to the wife and the minor child of the parties, and from every form of harassment by husband directly or through the agency of any other person. Husband claims no evidence was presented to the court on this point.
We find husband's claim without merit. There is evidence on the record via wife's testimony that husband had been working through the children to get her to take him back, and that these actions had turned her family into a fighting match. The best interests and welfare of the child are controlling in child custody cases. Borsdorf v. Mills, 49 Ala. App. 658,275 So.2d 338 (1973). We are of the opinion that the judgment with regard to the restraining order is in the nature of a child custody judgment and is not palpably wrong. This case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.