**Darry Noah MILES**

v.

**David C. EVANS, Commissioner,
Richard L. Abbott, Warden.**

Civ. A. No. C83–2032.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 16, 1984.

---

Darry Noah Miles, pro se.

Victoria H. Soto, George M. Weaver, Asst. Attys. Gen., Atlanta, Ga., for defendants.

**624**

## ORDER

ORINDA D. EVANS, District Judge.

This case is before the court on its own motion for review, analysis, and proper direction.

This is a § 1983 pro se suit for damages and equitable relief by an inmate of Georgia State Prison at Reidsville, Georgia. When the complaint was originally filed, Plaintiff was an inmate at another state facility in Buford, Georgia. The complaint seeks equitable relief from a wide range of alleged conditions and practices at the Buford facility, and an award of $250,000 in damages.

■ The court will not undertake review of prison conditions at the state facility in Buford based on the claims of a prisoner incarcerated at Reidsville. *Dudley v. Stewart*, 724 F.2d 1493 (11th Cir.1984). All claims for equitable relief are hereby DISMISSED.

This leaves for adjudication Plaintiff's claims for damages. Although the complaint is inartfully drawn, it is fairly read as seeking damages for Plaintiff's treatment during a nine-day period in 1983, following an incident wherein food was dropped just outside Plaintiff's isolation cell. Both the complaint and an affidavit filed by Defendants (see affidavit of Richard L. Abbott filed May 25, 1984) state that three inmates, including Plaintiff, were told to clean up the food or their cells would be stripped. Likewise, both the complaint and affidavit are in agreement that the food was not cleaned up and the cell was stripped of furnishings and possessions. However, the parties otherwise do not agree about the facts. For example, Mr. Abbott's affidavit states that although the water in the cell was turned off after the food incident "to avoid flooding," that the sink and commode were made operable periodically during the nine days. Plaintiff's complaint appears to contradict that. Plaintiff's complaint alleges that the fans in the cell were cut off during this period and that the temperature was "95 degree[s] or more." Warden Abbott's affidavit does not mention whether or not the fans were turned off. According to Plaintiff, the food was knocked onto the floor by a guard who kicked a food tray. Mr. Abbott's affidavit however states that the three inmates threw the food on the floor. It also states that they were "creating a disturbance."

This case has now been pending for eleven months. The time for discovery has expired; no motions are pending. Were this not a prisoner case,[1] the court would set the case for trial (or pretrial) and rely upon the parties to appear. If Plaintiff did not appear, the case would be dismissed. Were this not a pro se case, the court would expect the parties to come to court prepared to present their evidence; Plaintiff's failure to have relevant witnesses present would result in dismissal or an adverse result. However, this is both a prisoner case and a pro se case. Plaintiff cannot voluntarily appear in court. Moreover, the Plaintiff—based on a reading of the complaint and other papers filed herein by Plaintiff—is not a "jailhouse lawyer" who might have knowledge of court procedures, including how to procure the attendance at trial of inmate witnesses. Therefore, the court could not, consistent with the legal requirement of liberal treatment for pro se litigants, *Bolden v. Odum*, 695 F.2d 549 (11th Cir.1983), merely set this case for trial and fault Plaintiff for his failure to appear, or his failure to secure the attendance of inmate witnesses. Inevitably, if this case is to move forward in an orderly fashion, the court must affirmatively manage and direct it.[2]

---

1. *I.e.,* a case where the plaintiff is a prisoner.

2. The court is aware of its option to appoint counsel for Plaintiff herein. Furthermore, it is obvious that in theory at least, the depositions of Plaintiff and his inmate witnesses could be taken and presented at trial. However, the court has elected not to appoint counsel. Its practice is to appoint counsel only in exceptional cases. *Branch v. Cole*, 686 F.2d 264 (5th Cir.1982). This case is not exceptional. Indeed, it is plainly typical of the many pro se prisoner cases which are pending in the Northern District of Georgia. The court is grateful that there

By order entered January 24, 1984, the court directed that Plaintiff file certain information to assist it in proper future handling of this case. Among the items of information sought were the name, address, custodial status if applicable, and summary of testimony of each witness he wished to have testify at trial. Mr. Miles filed written responses,[3] listing a total of seven witnesses. Two of the witnesses were inmates Roebuck (EF–117772) and Davis (EF–152193). The May 21 response indicated that inmate Roebuck "will testify about everything that is [written] in the complaint." It indicated that inmate Davis would "testify [the] same as" inmate Roebuck. It indicated that Plaintiff's maximum release date, at present, is March 1987.

By order entered April 12, 1984, the court directed the Defendants to file a statement in the form of "affidavits from key defense witnesses." It also stated that the Defendants could submit motions for summary judgment in conjunction with the affidavits. In response to the order, the Defendants filed the affidavit of Richard L. Abbott, Warden of the Buford facility. This affidavit stated, among other things, that inmates Roebuck and Davis had been in cells adjoining Plaintiff's cell at the time of the food incident. According to Defendants' version of the facts, all three inmates were involved in the incident.

From the foregoing filings of the parties, the court deduces that inmates Roebuck and Davis would have relevant, first-hand information concerning Plaintiff's claims. Furthermore, a comparison of Warden Abbott's affidavit with the averments of Plaintiff's complaint indicates that the jury may need to make credibility determinations. Thus, the witnesses reasonably necessary to a presentation of Plaintiff's side of the case are Plaintiff, inmate Roebuck, and inmate Davis.[4]

Having decided that Plaintiff, plus inmates Roebuck and Davis, are reasonably necessary to a presentation of Plaintiff's side of the case is only the beginning of the court's inquiry, however. Since all three of these individuals are prisoners in the custody of the State of Georgia, they cannot come to court unless writs of habeas corpus ad testificandum are issued pursuant to 28 U.S.C. § 2241(c)(5).[5] Therefore, the court necessarily turns to the question whether to direct that writs of habeas corpus ad testificandum be issued in this case.

No litigant, including a pro se prisoner, has any absolute right to issuance of a writ of habeas corpus ad testificandum. *Ball v. Woods,* 402 F.Supp. 803 (N.D.Ala.1975), *aff'd without opinion sub nom. Ball v. Shamblin,* 529 F.2d 520 (5th Cir.), *cert. denied,* 426 U.S. 490, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976). Issuance of such a writ lies within the district court's sound discretion, taking into account such factors as the exigency of the court proceeding and the extent to which it is infused with the public interest, the apparent importance of the inmate's testimony to the matter under consideration, the expense involved in executing the writ, considerations of security, and whether reasonable alternatives to the inmate's attendance exist which would satisfy the needs of the litigants. At the same time, it is well settled that prisoners have a constitutional right of access to the courts. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206 (11th Cir.

---

are lawyers in Atlanta who will undertake the representation of prisoners on a pro bono basis. In fact, some will even pay for depositions and witness fees out of their own pockets. Needless to say, however, this resource is limited and must not be abused in the name of expedience.

3. One response was filed February 14, 1984. For some reason, another was filed May 21, 1984. The witness lists overlap but are somewhat different from each other. The responses indicate that inmate Roebuck is incarcerated at Georgia State Prison in Reidsville and that inmate Davis is at the Buford facility.

4. The court's best judgment is that the guards and other prison officials on Plaintiff's witness list are not reasonably necessary for presentation of Plaintiff's side of the case. Neither are the other two inmate witnesses.

5. The court is informed that where state officials are defendants in a § 1983 damages suit, the State of Georgia will assist in executing the writ (*i.e.,* it will transport the prisoners) if any objections of the State are overruled and the writ is issued.

1981); *Spears v. Chandler*, 672 F.2d 834, 835 (11th Cir.1982). More specifically, the constitutional right is to "adequate, effective and meaningful" access to the courts. *Bonner, supra* at 1212. Therefore, even though a prisoner has no absolute right to issuance of an ad testificandum writ, preservation of his right to meaningful access to the courts must be kept in mind when a request for issuance of a writ is made.

■ Before the court rules on this matter, the parties will have an opportunity to state reasons why the court should, or should not, direct that writs of habeas corpus ad testificandum issue as stated. In this connection, the court is interested in the parties' views concerning whether Mr. Miles' presumptive release date in 1987 is a relevant factor in determining whether to direct issuance of writs of habeas corpus ad testificandum. Also, would Plaintiff's rights be protected if the court were to decline to issue writs, but instead stay the proceedings, or dismiss the case without prejudice pending Mr. Miles' release from custody? Would this deprive Mr. Miles of "adequate, effective and meaningful access to the courts"? The court DIRECTS the parties to file any briefs they may wish to file within twenty (20) days of date of entry of this order. The Clerk is DIRECTED to resubmit the file within twenty-five (25) days of date of entry of this order.