IN RE PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM
FOR COLBURN.

[Cite as In re Colburn (1987), 30 Ohio St. 3d 141.]

(No. 87-61—Decided May 20, 1987.)

*Joseph L. Colburn, Jr., pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *Alexander G. Thomas,* for respondent.

*Per Curiam.* In his motion to dismiss, respondent cites previous decisions of this court and R.C. 2725.05[1] to the effect that when a person alleged to be restrained of his liberty is restrained pursuant to the judgment or order of a court that had jurisdiction to make the judgment or order, then the writ of habeas corpus will not be allowed. The writ of habeas corpus ad testificandum does not inquire into the lawfulness of restraint; it merely addresses the discretion of the court to permit the person detained to appear as a witness. *Cuckovich* v. *United States* (C.A. 6, 1948), 170 F. 2d 89, certiorari denied (1949), 336 U.S. 905. Both R.C. 2725.05 and this court's prior decisions cited by respondent concern the writ of habeas corpus ad subjiciendum, which does inquire into the lawfulness of restraint. They are not applicable to the writ of habeas corpus ad testificandum.

There is little Ohio authority concerning the writ of habeas corpus ad testificandum. The rule advanced here and elsewhere governing issuance

---

[1] "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order."

of the writ in civil actions[2] is that a litigant, including a *pro se* prisoner, whether plaintiff or defendant, does not have an absolute right to issuance of the writ. *Ball* v. *Woods* (D. Ala. 1975), 402 F. Supp. 803, affirmed without opinion *sub nom. Ball* v. *Shamblin* (C.A. 5, 1976), 529 F. 2d 520, certiorari denied (1976), 426 U.S. 940; *Weaver* v. *Lindsey* (Aug. 12, 1982), Scioto App. No. 1330, unreported. Rather, the granting of the writ is within the court's discretion, and the court should weigh such matters as the importance of the testimony, expense of the appearance, integrity of the corrections system, conditions of security, interest of the prisoner in presenting testimony in person, and presence of alternatives. *Miles* v. *Evans* (D. Ga. 1984), 591 F. Supp. 623, 625; *State, ex rel. Amek Bin Rilla,* v. *Circuit Ct.* (1977), 76 Wis. 2d 429, 434, 251 N.W. 2d 476, 480.

Regarding alternatives, Alabama has declared the writ superseded by its civil rules, which, like the Ohio Rules of Civil Procedure, provide for the taking of depositions of incarcerated parties and witnesses. *Whitehead* v. *Bi-Petro Marketing, Inc.* (Ala. 1978), 356 So. 2d 150, 152. See, also, *Eastman* v. *Eastman* (Ala. Civ. App. 1983), 429 So. 2d 1058, certiorari denied by the Alabama Supreme Court, April 29, 1983, upholding the application of *Whitehead* against Due Process and Equal Protection Clause challenges arising out of a divorce action in which the prisoner-defendant had petitioned to appear personally.

We do not go as far as the Alabama Supreme Court in *Whitehead, supra.* However, we do find that the granting of the writ of habeas corpus ad testificandum in connection with a disciplinary proceeding is a matter within the sound discretion of this court. In the petition before us, the petitioner alleges only that his testimony is "relevant and necessary." Weighing this against such matters as the integrity of the correctional system, the expense of granting the writ, and the presence of alternatives, we conclude that the alternative provided by Civ. R. 30(A), 32(A)(3) and Gov. Bar R. V(36) for the petitioner to submit his deposition constitutes a sufficient opportunity for petitioner to present his testimony.[3] According-

---

[2] This court has previously stated that disciplinary proceedings are neither criminal nor civil in nature, but are designed to safeguard the courts and protect the public. *Ohio State Bar Assn.* v. *Weaver* (1975), 41 Ohio St. 2d 97, 100, 70 O.O. 2d 175, 177, 322 N.E. 2d 665, 667; *Ohio State Bar Assn.* v. *Illman* (1976), 45 Ohio St. 2d 159, 161-162, 74 O.O. 2d 284, 285, 342 N.E. 2d 688, 690, certiorari denied (1976), 429 U.S. 824. However, the procedure to be followed in disciplinary proceedings incorporates some relevant civil procedure, most significantly Gov. Bar R. V(36), which provides:

"The Secretary of the Board of Commissioners may order testimony of a witness to be taken by deposition within or without this State in the manner prescribed for the taking of depositions in civil actions, and such depositions may be used to the same extent as permitted in civil actions."

[3] See, also, Gov. Bar R. V(42), which provides in part:

"The process and procedure under this rule and other regulations approved by this Court shall be as summary as reasonably may be. * * *"

ly, we hold that in this and similar cases the primary means of securing the testimony of a prisoner in a disciplinary action should be by deposition under Gov. Bar R. V(36). However, this court retains the right to grant the writ of habeas corpus ad testificandum whenever the interest in securing the prisoner's personal appearance is shown to outweigh other considerations.

For the foregoing reasons, the writ of habeas corpus is denied.

*Writ denied.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.