SAM A. BEATTY, Retired Justice.
The defendant, William C. Post, Jr., appealed from the trial court’s refusal to set aside a default judgment entered for the plaintiff, Rhea Charlene Belcher Duckett, as administratrix of her father’s estate. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. We affirm.
Duckett sued Post, Holiday Inn Birmingham-Airport, and Wilson Hotel Management Company, Inc., after Post shot her father, Donald Ray Belcher, outside Celebrations, a lounge located in the Holiday Inn. Belcher died from his gunshot wounds. The trial court entered a summary judgment for the corporate defendants, and Duckett appealed from that summary judgment. See Duckett v. Wilson Hotel Management Co., 669 So.2d 977 (Ala.Civ.App.1995).
Meanwhile, Duckett proceeded to trial against Post on March 13, 1995. Post was not present at the trial; the court entered a $1,000,000 default judgment against him. Post filed a post-judgment motion requesting a new trial; his motion was denied by operation of law, pursuant to Rule 59.1, Ala. R.Civ.P. He then appealed.
Post, who appears pro se before this court, argues that the trial court should not have entered the default judgment and that the trial court should have granted his motion for a new trial because, he says, his failure to appear in court was not his fault. Post had been convicted on February 24, 1995, of Bel-cher’s murder, and he was incarcerated at the time of the trial in this civil ease. He states in his brief that on the morning of March 13 he showed the jail attendant his subpoena for court and asked that he be allowed to attend the trial. He says that the attendant told him that he would be taken to court, but that he was not taken.
We first address Post’s argument that the default judgment was improper. In a civil case, a prisoner is not entitled to have himself brought from the penitentiary to testify in his own behalf. Whitehead v. BiPetro Marketing, Inc., 356 So.2d 150 (Ala.1978); Eastman v. Eastman, 429 So.2d 1058 (Ala.Civ.App.1983). Post’s proper remedy would have been to take his own testimony upon oral examination pursuant to Rule 30, Ala.R.Civ.P., or upon written questions pursuant to Rule 31 or Rule 33, Ala.R.Civ.P. Id. Post argues that because he was told that he would be allowed to go to court, he should not be penalized for his failure to present deposition testimony. We disagree. Alabama’s discovery and evidentiary procedures are designed to provide those in Post’s position with the constitutional safeguards of notice and an opportunity to be heard. Eastman, 429 So.2d at 1058. Under the authority of Whitehead and Eastman, the trial court clearly had the authority to enter the default judgment against Pope.
We now turn to Pope’s post-judgment motion. We note that Post’s motion for a “new trial” was not proper procedure, but this court will treat his motion as a Rule 55(c) motion to set aside the default judgment. Interlink Cotton Gin Co. v. Elmer Tallant Ins. Agency, 361 So.2d 604 (Ala.Civ.App.1978). In appeals from a trial court’s order granting or denying a motion to set aside a default judgment, our standard of review is whether the trial court’s decision constituted an abuse of discretion. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala.1988).
A trial court should apply a three-factor analysis in deciding when to grant a motion to set aside a default judgment. The court should consider “(1) whether the defendant has a meritorious defense; (2) whether the plaintiff -will be unfairly prejudiced if the default judgment is set aside; and (3) whether the default judgment was a result of the defendant’s own culpable conduct.” Fries Correctional Equip., Inc. v. Com-Tech, Inc., 559 So.2d 557, 561 (Ala.1990). When seeking to have a default judgment set aside, the movant must demonstrate the existence of a meritorious defense as a threshold predicate. Kirtland, 524 So.2d at 605. The movant need not prove to the trial court that he or she would necessarily prevail at a trial on the *1300 merits, but the movant must satisfy the trial court that he or she is prepared to present a plausible defense. Id.
Post did not include his post-judgment motion in the portions of the record he designated for review by this court. In his brief, he states that he asked the court for a new trial because “the reason for his nonappearance in ... court was not the fault of his own.” For all that appears, Post did not even allege in his motion the existence of a plausible defense, much less prove to the trial court that he was prepared to present such a defense. Under these circumstances, we cannot say that the trial court abused its discretion in refusing to set aside the default judgment.
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.