WRIGHT, Retired Appellate Judge.
E.L.M., the maternal grandmother, filed a petition in the Jefferson County Juvenile Court, Bessemer Division, seeking custody of her grandson, L.K.M. The maternal grandmother alleged that the child was dependent and in need of care because his mother was deceased and his father, L.K.W., was incarcerated in prison.
The father filed a motion for appointment of counsel, which the trial court granted. The trial court appointed an attorney to represent the father. The father also filed a motion requesting that the trial court transport him from prison to attend the hearing on the maternal grandmother’s motion. The trial court denied the father’s motion. Following oral proceedings, the trial court entered a judgment, finding the child dependent and awarding the maternal grandmother custody of the child.
The father appeals, contending that the trial court’s refusal to transport him from prison to attend a hearing denied him due process of law.
In a civil case a prisoner is not entitled to have himself brought from the penitentiary to testify on his own behalf. Eastman v. Eastman, 429 So.2d 1058 (Ala.Civ.App.1983). The father’s proper remedy would have been to take his testimony upon oral examination, pursuant to Rule 30, Ala. R. Civ. P., or upon written questions, pursuant to Rule 31 or Rule 33. Id. Therefore, we conclude that the trial court did not deny the father his due process rights by refusing to have him transported from prison to attend the hearing.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.