{¶ 1} Raymond Brown ("Appellant") and Princess Brown ("Appellee") are married to each other and are both currently incarcerated. Appellant filed a pro se complaint for divorce in the Mahoning County Court of Common Pleas. The case was dismissed because neither party appeared at a scheduled hearing. There is nothing in the record showing that Appellant had notice of the hearing or the pending dismissal. Therefore, this appeal has merit and the matter must be remanded.
 {¶ 2} Appellant filed the divorce complaint on July 13, 2001. According to the complaint, the parties were married on May 23, 1984, in the Bangs Hotel in Denmark. Appellant alleged that he has been incarcerated at the Belmont Correctional Institution for the past twelve years. Appellant alleged that he and Appellee have not cohabitated for twelve years and have not communicated for five years.
 {¶ 3} Appellee received a copy of the complaint on July 21, 2001. The certified mail return receipt was filed on July 23, 2001.
 {¶ 4} The next entry in the trial court's journal and appearance docket is a Judgment Entry dated March 27, 2002, which states in its entirety: "Case dismissed, Plaintiff failed to appear for a scheduled hearing to obtain a divorce."
 {¶ 5} Appellant filed a pro se notice of appeal on April 15, 2002.
 {¶ 6} Appellant did not prepare a formal assignment of error for this appeal. Appellant first argues that he executed a power of attorney enabling a friend to represent him in court at the divorce hearing. Appellant argues that his friend should have been permitted to represent him at scheduled hearings. This argument fails because a power of attorney does not confer any authority to act as an attorney at law: "a person holding a power of attorney, but whose name is not entered on the roll [of registered attorneys], is an attorney in fact, but not an attorney at law permitted to practice in the courts." DisciplinaryCounsel v. Coleman (2000), 88 Ohio St.3d 155, 157, 724 N.E.2d 402.
 {¶ 7} Appellant also contends that a trial court should not immediately dismiss a case for want of prosecution if the case was filed pro se by an inmate. Appellant argues that the court should have sought less drastic alternatives before dismissing the case. In this argument, Appellant is correct.
 {¶ 8} Civ.R. 41(B)(1) allows a trial court to dismiss an action due to the plaintiff's failure to prosecute. If a party fails to appear on a date set for a hearing, this can constitute grounds for dismissal under Civ.R. 41(B)(1). Allstate Ins. Co. v. Rule (1980), 64 Ohio St.2d 67,69, 18 O.O.3d 299, 413 N.E.2d 796.
 {¶ 9} The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is normally left to the discretion of the trial court. Jones v.Hartranft (1997), 78 Ohio St.3d 368, 371, 678 N.E.2d 530. Appellate review of a dismissal under Civ.R. 41(B)(1) is limited to determining whether the trial court abused its discretion. Id. An abuse of discretion is more than an error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court. Id.
 {¶ 10} Ohio courts have held that, "some form of notice of a trial date is required to satisfy due process * * *." Ohio Valley RadiologyAssoc., Inc. v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118, 124,502 N.E.2d 599. There is nothing in the record showing that the court notified Appellant of a hearing date or time. Therefore, the court's decision to dismiss the case for failure to prosecute violates a basic right of due process.
 {¶ 11} Furthermore, Civ.R. 41(B)(1) allows the trial court to dismiss a case for failure to prosecute, "after notice to the plaintiff's counsel * * *." The action may be dismissed only after, "counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Quonset Hut, Inc. v. Ford MotorCo. (1997), 80 Ohio St.3d 46, 49, 684 N.E.2d 319; see also Logsdon v.Nichols (1995), 72 Ohio St.3d 124, 128-129, 647 N.E.2d 1361. In this case, Appellant was representing himself and acted as his own counsel. There is nothing in the record giving Appellant any kind of notice, express or implied, that the case was going to be dismissed for failure to prosecute. Therefore, the dismissal of the complaint was premature.
 {¶ 12} Even without a specific violation of Civ.R. 41, a trial court should be cautious about dismissing a complaint for failure to appear at a hearing, especially if the claimant is an incarcerated pro se litigant:
 {¶ 13} "Where a plaintiff who is incarcerated and unrepresented by counsel fails to appear at a pretrial conference to which he requested but was not granted transportation, a trial court abuses its discretion in dismissing the action with prejudice for failure to prosecute without first considering other alternatives which would lead to a resolution on the merits." Laguta v. Serieko (1988), 48 Ohio App.3d 266, 549 N.E.2d 216, syllabus.
 {¶ 14} Normally, a pro se inmate who initiates litigation must file a writ of habeas corpus ad testificandum to request the court's permission to appear in person at the civil proceedings. In re Colburn
(1987), 30 Ohio St.3d 141, 142, 30 OBR 452, 507 N.E.2d 1138. The trial court may grant the writ at its discretion, keeping in mind, "such matters as the importance of the testimony, expense of the appearance, integrity of the corrections system, conditions of security, interest of the prisoner in presenting testimony in person, and presence of alternatives." Id.
 {¶ 15} If a trial court does not permit an incarcerated pro se litigant to attend the civil proceedings, the litigant must resort to other means of proving his case, such as filing depositions as evidence. See, e.g., Ware v. Ware (Nov. 28, 1994), 4th Dist. No. 94 CA 2009; Civ.R. 30(A), 32(A)(3). Proper notice to the pro se litigant is necessary to allow for alternative arrangements for establishing his or her case.
 {¶ 16} Based on the trial court's failure to notify Appellant of a hearing date and failure to notify Appellant that his divorce complaint was subject to dismissal for failure to prosecute, the trial court judgment is reversed and the cause is remanded for further proceedings.
Vukovich and DeGenaro, JJ., concur.