[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12009

Non-Argument Calendar

_____

JAMES NATHANIEL DOUSE,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA, DEPARTMENT OF THE
NAVY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-05164-TWT

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

This is an appeal of the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of a Federal Tort Claims Act ("FTCA") suit brought by James Nathaniel Douse against the government and the U.S. Department of Navy.[1]   In the late 1970's, Douse ingested water at Camp Lejeune, a Marine Corps military base in North Carolina.  He alleges that this water was toxic and contaminated and, as a result, that he has suffered myriad medical issues ever since.

This is Douse's second lawsuit covering exactly these issues.  He filed his first suit in 2012, the district court dismissed the suit in 2016, and this Court affirmed the district court's dismissal in 2019.  About one and a half years later, Douse filed this suit. The district court below found that this suit was precluded under the doctrine of *res judicata* and dismissed Douse's complaint.  For

---

[1] Douse proceeds *pro se*.  As a result, we hold his complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Nevertheless, "we can [only] extend such leniency" if the *pro se* "complainant meets jurisdictional requirements." *Bolden v. Odum*, 695 F.2d 549, 550 (11th Cir. 1983) (per curiam).  And we are mindful that "*pro se* filings do not serve as an 'impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (per curiam) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986)).

the reasons discussed below, we agree and affirm the district court's dismissal order.

## I.    RELEVANT BACKGROUND

In November 1976, Douse ingested water at Camp Lejeune in North Carolina, which he alleges was "toxic" or "contaminated." As a result, Douse has suffered health problems, including "Seizures," "Liver Dysfunction," "Hepatitis 'C,'" "Rheumatoid Arthritis," neurological injuries including "Excessive Headaches," and "Malignant sores" on his lips and in his mouth. Shortly after ingesting the water, Douse was honorably discharged from the Marines.

Douse first sued on May 22, 2012.[2] On December 11, 2012, the district court merged Douse's case into a larger multidistrict lawsuit concerning the water quality at Camp Lejeune.

On December 5, 2016, the district court dismissed the multidistrict litigation. *In re Camp Lejeune N.C. Water Contamination Litig.* ("*Camp Lejeune Water Litig.*"), 263 F. Supp. 3d 1318, 1365 (N.D. Ga. 2016). In dismissing the litigation, the district court relied on the ten-year North Carolina statute of repose, the *Feres* doctrine,[3] and the "discretionary function exception."[4] *See*

---

[2] *Douse v. Department of the Navy*, No. 1:12-cv-01771-TWT (N.D. Ga. 2012).

[3] "[T]he [g]overnment is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 146 (1950).

*id.* at 1336, 1343, 1360. On May 22, 2019, this Court affirmed. *In re Camp Lejeune, N.C. Water Contamination Litig.*, 774 F. App'x 564, 568 (11th Cir. 2019) (finding the statute of repose sufficient to dismiss the claims).

About one and a half years later, on December 21, 2020, Douse filed this action. He sought to have the dismissal of his prior suit "reconsidered," claiming that this Court's previous "ruling" in 2019 was not applicable to him. Specifically, he asserted that neither this Court nor the district court in the previous litigation had considered "North Carolina Disability Statutes," which were "mandatory" under North Carolina law. Douse claimed he was entitled to compensatory damages in the amount of $1,600,000, as well as costs and attorney's fees. The government moved to dismiss Douse's complaint, asserting that it was barred by the *res judicata* doctrine because Douse was attempting to relitigate his claims that were dismissed in 2016.

On May 11, 2021, the district court dismissed this action. It held that the "Complaint makes clear that the elements required for *res judicata* have been satisfied and that [Douse] merely seeks to relitigate his previous claims." Douse filed this appeal.

---

[4] "[T]he discretionary function exception serves to preserve sovereign immunity for any claim that is based on a federal agency or employee's performance or nonperformance of a discretionary task, even if, in so acting, the agency employee may have abused his discretion." *Camp Lejeune Water Litig.*, 263 F. Supp. 3d at 1345 (quoting *Zelaya v. United States*, 781 F.3d 1315, 1329 (11th Cir. 2015)).

## II.    STANDARD OF REVIEW

We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6), "accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). We also review *de novo* the preclusion of a claim by *res judicata*. *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010).

## III.    ANALYSIS

*Res judicata*, or claim preclusion, is the principle that a final judgment on the merits by a court with jurisdiction ought not to be relitigated. *See In re Atlanta Retail, Inc.*, 456 F.3d 1277, 1284 (11th Cir. 2006) ("Res judicata . . . [has] the purpose of both giving finality to parties who have already litigated a claim and promoting judicial economy; it bars claims that could have been litigated as well."). The four necessary elements of this doctrine are well known: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Griswold*, 598 F.3d at 1292 (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)). This doctrine "acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Pleming v. Universal-Rundle Corp.*,

6                Opinion of the Court                21-12009

142 F.3d 1354, 1356 (11th Cir. 1998) (quoting *Manning v. City of Auburn*, 953 F.2d 1355, 1358–59 (11th Cir. 1992)).

The elements of *res judicata* are plainly satisfied here. First, the district court's 2016 dismissal in the *Camp Lejeune Water Litigation*, into which Douse's initial suit was merged, was a final judgment on the merits. *See Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972) (per curiam) ("A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes.").[5] Second, the district court for the Northern District of Georgia had jurisdiction over the FTCA claims. *See* 28 U.S.C. § 1331. Third, the parties here, Douse and the United States and the Department of Navy, are identical. Fourth, the causes of action are identical because they arise "out of the same nucleus of operative fact." *Pleming*, 142 F.3d at 1356 (quoting *Manning*, 953 F.2d at 1358–59). Indeed, Douse's claims in both suits arise out the alleged personal injury resulting from exposure to contaminated water at Camp Lejeune. Aside from conclusorily asserting that "*Res Judicata* does not exist" in this case, Douse proffers no counterargument.

Accordingly, for the reasons discussed, we hold that the district court properly determined that Douse's suit was preclud-

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

21-12009                Opinion of the Court                7

ed and dismissed the action.  We therefore affirm the district court's order.

   **AFFIRMED.**