DRAGOJEVIC–WICZEN, a.k.a., Dragojevic, Appellee,

v.

WICZEN, Appellant.

[Cite as *Dragojevic–Wiczen v. Wiczen* (1995), 101 Ohio App.3d 152.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 94–T–5091.

Decided Feb. 10, 1995.

*Eugene B. Fox,* for appellee.

*Richard Wiczen, pro se.*

CHRISTLEY, Presiding Judge.

Appellant, Richard Wiczen, appeals from a judgment of the Trumbull County Court of Common Pleas, Division of Domestic Relations, granting the complaint for divorce filed by appellee, Joann Marie Dragojevic–Wiczen.

Appellee filed her complaint for divorce on June 23, 1993. At all times relevant to this matter, appellant has been incarcerated at the Grafton Correctional Institution and has opted to proceed *pro se.*

Appellant responded by filing a "counterclaim" in February 1994. Appellant subsequently moved to file an amended answer, which was granted on March 15, 1994.

On March 23, 1994, appellant filed a petition for a writ of habeas corpus ad testificandum or, alternatively, for a subpoena to appear personally and defend himself in this action. On April 13, 1994, the trial court denied appellant's petition for the writ or alternatively for a subpoena.

A trial was held on April 29, 1994. On May 4, 1994, the trial court issued a judgment entry granting appellee a divorce from appellant. As part of its judgment, the court found that the parties were married by common-law marriage agreement in March 1978; that prior to his incarceration in July 1989, appellant earned approximately $30,000 per year; that although appellee remains gainfully employed earning a net income of approximately $230 per week, her living expenses have far exceeded her income and, accordingly, she has had to use various assets of appellant to pay for necessary living expenses and marital financial obligations since that time; that the expenses related to and arising from appellant's criminal proceedings required the expenditure of over $20,000 of marital assets; and that appellant should be charged with these expenses as well as lost marital income in excess of $100,000 in the division of marital assets. The court divided the marital property, awarding appellee the marital residence.

Before this court appellant advances the following two assignments of error:

"1. The trial court erred, and abused its discretion in not permitting appellant to defend in his divorce proceeding, resulting in prejudice from the accurate facts not being brought out, to a substantial loss to this appellant.

"2. Whether the trial court erred, or abused its discretion in failing to divide the property of the party's equitably, pursuant to O.R.C. 3105.17, and whether such division violates the constitutional principles of due process."

Under his first assignment, appellant asserts that the trial court abused its discretion in denying his petition for a writ of habeas corpus ad testificandum. Appellant maintains that his presence at trial was necessary so that he could defend his interests in the division of marital property. As a preliminary matter, this court would note that, although not raised by the parties, there is some question as to whether the trial court's judgment denying appellant's petition was a final appealable order.

The trial court appears to have treated the petition as a motion arising as part of the divorce proceedings. Appellant's petition was filed under the divorce case number, as was the trial court's judgment entry. Other courts have treated the denial of a petition for a writ of habeas corpus ad testificandum as appealable from the judgment entry granting the divorce. See, *e.g.*, *Meadows v. Meadows* (May 17, 1990), Belmont App. No. 89–B–18, unreported, 1990 WL 65374.

█ Although the trial court's judgment was made in a special proceeding, see *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 632 N.E.2d 889, and arguably affected appellant's substantial rights, see R.C. 2505.02, appellant had the option pursuant to App.R. 4(B)(5) to immediately appeal from this judgment or to await final disposition of the claims arising out of appellee's complaint for divorce. Accordingly, we conclude that appellant has timely appealed from this judgment.

In relation to a petition for the issuance of a writ of habeas corpus ad testificandum in a disciplinary proceeding, the Supreme Court of Ohio has stated:

"[A] litigant, including a *pro se* prisoner, whether plaintiff or defendant, does not have an absolute right to issuance of the writ. * * * Rather, the granting of the writ is within the court's discretion, and the court should weigh such matters as the importance of the testimony, expense of the appearance, integrity of the corrections system, conditions of security, interest of the prisoner in presenting testimony in person, and presence of alternatives. * * *" (Citations omitted.) *In re Colburn* (1987), 30 Ohio St.3d 141, 142, 30 OBR 452, 453, 507 N.E.2d 1138, 1140.

In *Colburn*, petitioner argued that his appearance in connection with a disciplinary proceeding was "relevant and necessary." The court weighed this against such matters as the integrity of the correctional system, the expense of granting the writ, and the presence of alternatives, and concluded that the primary means of securing such testimony should be by deposition. *Id.* at 142–143, 30 OBR at 453–454, 507 N.E.2d at 1140.

■ In the instant case, hindsight would indicate that there were some fairly substantial assets that had to be adjudicated as well as factual determinations to be made as to how assets had been spent over the past five years. To that extent, we would agree with appellant that there were matters of significant importance to him and to which he should have had the right to present testimony of his own and to challenge opposing testimony.

While there was no absolute right of appellant to be physically present at trial, there did not appear to be any impediment to the appellant's moving the court for attorney fees under R.C. 3105.18(H), so that he could be represented by counsel at trial. This is particularly so when it appears that there were substantial marital assets available to pay for such fees.

Pursuant to the discovery procedures available under the Civil Rules, appellant or his counsel had the ability to present his factual case by way of deposition. See *Colburn* at 143, 30 OBR at 453, 507 N.E.2d at 1140; *Weaver v. Lindsey* (Aug. 12, 1982), Scioto App. No. 1330, unreported, 1982 WL 3504. Appellant could have provided his attorney with the means to effectively cross-examine and possibly impeach his wife if depositions and/or interrogatories had been taken of her. Similarly, appellant could have deposed other relevant parties to the proceedings.

Appellant failed to make any such requests. Had he done so, and had they been denied, his appeal would have an entirely different character.

It is well settled that:

"The term 'abuse of discretion' ' * * * connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * * ' *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149." *State v. Montgomery* (1991), 61 Ohio St.3d 410, 413, 575 N.E.2d 167, 171.

Based upon the record before this court, we cannot say that the trial court's decision to deny the writ was unreasonable, arbitrary, or unconscionable. Accordingly, appellant's first assignment of error is without merit.

Under his second assignment of error, appellant maintains that the trial court abused its discretion in its division of the marital property. Specifically, appellant challenges the trial court's determination that appellant's criminal charge expenses and lost income because of his incarceration should be charged against him in the division of marital property. Further, appellant maintains that appellee, prior to filing her complaint for divorce, used a forged power of attorney form to convert marital property (a gun collection, a boat, and an IRA account) and deplete these funds prior to the court's property division.

Initially, we observe that appellant chose not to file a transcript of the trial court proceedings as called for by App.R. 9(B). It is well established that:

"The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * *

"When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385.

Accordingly, this court must presume that the trial court's factual determinations were properly drawn from the evidence presented at trial.

R.C. 3105.171(C)(1) provides in pertinent part:

"Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. * * *"

█ A review of the trial court's judgment entry discloses that although the court determined that approximately $120,000 in lost wages and legal costs should be assessed against appellant in the division of marital assets, the court's actual property division resulted in approximately $46,000 in assets being awarded to appellee as compared to $20,000 in assets awarded to appellant.

Implicit in the trial court's property division was a conclusion that appellant's criminal conviction and resulting incarceration rendered an equal division of marital property inequitable. In light of the discretion afforded the trial court in such a situation, we cannot say that the trial court's division of marital property constituted an abuse of discretion.

Appellant's second assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.