Appellant sets forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
The trial court abused it's [sic] discretion in failing to grant a retrial pursuant to Civil Rule 59(A) because the Trial Court's decision to find Appellant in contempt for past due child support is against the weight of the evidence, ignores newly discovered evidence, is contrary to law, and constitutes an abuse of discretion.
"SECOND ASSIGNMENT OF ERROR
The Trial Court abused it's [sic] discretion in failing to grant a retrial pursuant to Civil Rule 59(A) because the Trial Court's decision to find Appellee not in contempt for failure to pay debts as ordered in the Separation Agreement is based on misconduct of the prevailing party, against the weight of the evidence, is contrary to law, and is an abuse of discretion.
"THIRD ASSIGNMENT OF ERROR
The Trial Court abused it's [sic] discretion in failing to grant a retrial pursuant to Civil Rule 59(A) because the Trial Court's decision to find Appellant in contempt for failing to pay 50% of the second mortgage is based upon misconduct of the prevailing party, is contrary to law, against the weight of the evidence and constitutes an abuse of discretion.
"FOURTH ASSIGNMENT OF ERROR
The Trial Court abused it's [sic] discretion in failing to grant a retrial pursuant to Civil Rule 59(A) because the Trial Court's decision to find Appellee not in contempt for harassing Appellant is against the weight of the evidence, is contrary to law, and constitutes an abuse of discretion.
"FIFTH ASSIGNMENT OF ERROR
The Trial Court abused it's [sic] discretion in failing to grant a retrial pursuant to Civil Rule 59(A) because the Trial Court's decision to award attorney fees to Appellee is based on misconduct of the prevailing party, is against the weight of the evidence, is contrary to law, and constitutes an abuse of discretion."
The relevant facts of this case are as follows. Appellant and appellee were married on December 24, 1985. Two children were born of the marriage, Amy, born July 15, 1987, and Christine, born July 12, 1989. On November 3, 1992, the trial court filed its judgment entry granting the parties a divorce. The judgment entry incorporates the separation agreement which was originally filed on July 6, 1992. Pursuant to the agreement, appellant was ordered to pay $132.60 in child support each week. Appellant was also required to pay all "medical, dental, orthodontal [sic], optical, psychological, hospital and pharmaceutical expenses" with the exception of the first $200 annually which was to be paid by appellant. Appellant, at minimum, was to always maintain hospitalization coverage for the children.
The marital residence was awarded to appellee who was required to pay all related expenses, including the mortgage with Citizens Banking Co. The remaining debts and obligations of the parties were divided, in relevant part, as follows: appellee was to pay 50 percent of the indebtedness with Citizens Banking Co., 50 percent of the indebtedness with Bank One, and any and all debts in appellee's name; appellant was to pay the indebtedness with the May company, 50 percent of the indebtedness with Citizens Banking Co., 50 percent of the indebtedness with Bank One and all other debts in appellant's name.
On August 23, 1995, appellant filed a motion to reduce his child support obligation due to a disability, which required him to further his education in order to change his career path. After a hearing had been held on the motion, the magistrate denied appellant's motion. On September 3, 1997, the court adopted the findings of fact and conclusions of law of the magistrate. Appellant filed an appeal with this court on September 23, 1997.
On appeal, this court found that the magistrate's determination that appellant quit his job because the work was too strenuous was not completely accurate. Sharp v. Brennan (May 1, 1998) Erie App. No. E-97-133, unreported. Rather, the work was too strenuous due to his disability and, once his disability was upgraded, he was eligible to further his education through the Veteran's Administration rehabilitation program. This court further found that the trial court did not abuse its discretion when it found that appellant was voluntarily unemployed. We noted that even though appellant was attending school full time, he had a responsibility to provide for his children and, as such, was able to secure part-time employment. Finally, in light of our other findings, we held that it was an abuse of discretion for the trial court to impute wages equal to what appellant was earning as a full-time employee. We remanded the case for reassessment of appellant's child support and health care obligations.
During the pendency of the above appeal appellant, on September 29, 1997, was held in contempt of court for non-payment of child support and marital debt. Based upon this court's May 1, 1998 decision, appellant filed a motion, on October 2, 1998, for retrial pursuant to Civ.R. 59(A). The motion was denied by the trial court on November 30, 1998. It is from this judgment that the appellant now appeals.
In his first assignment of error, appellant argues that the trial court abused its discretion when it failed to grant a retrial, as to its finding that appellant was in contempt of court for past due child support, based upon this court's May 1, 1998 Opinion and Judgment Entry. Appellee, on the other hand, contends that appellant has prematurely determined that the support payments he has been making are sufficient, while at the same time acknowledging that he has failed to make his court ordered payments.
R.C. 2705.031(B) (1) provides that any party who has a legal claim to child support may initiate a civil contempt action for failure to pay such child support. Judicial sanctions may be employed to coerce a defendant into compliance with a court order.Cincinnati v. Cincinnati Dist. Council 51 (1973), 35 Ohio St.2d 197,206. A trial court's finding of contempt will not be reversed unless there has been an abuse of discretion. State exrel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11. An abuse of discretion is more than an error of law or judgment; it "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In our May 1, 1998 Opinion and Judgment Entry, this court found that while appellant was voluntarily unemployed, the trial court erred by imputing full-time income to him. We determined that appellant could obtain part-time employment while attending school. Thus, while his child support obligation was improperly based upon his full-time wages, our finding does not negate appellant's obligation to provide support to his children. This court is unable to speculate as to what modifications the trial court may make upon remand and appellant's ability to refute the contempt finding. Moreover, since the transcript of the contempt hearing, held September 23, 1997, was not filed in this case, we are limited in our review of the trial court's decision. When a transcript is necessary for the resolution of the assigned errors, and the transcript is omitted from the record, a reviewing court has no choice but to presume the validity of the lower court's decision and affirm. Dragojevic-Wiczen v. Wiczen (1995),101 Ohio App.3d 152, 156; Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Accordingly, appellant's first assignment of error is not well-taken.
Appellant's second assignment of error challenges the trial court's failure to find appellee in contempt for failure to pay debts as ordered in the separation agreement. In support of his argument, appellant alleges that appellee gave false testimony during the September 23, 1997 contempt hearing.
In his assigned error, appellant has raised issues directly relating to the credibility of the parties' testimony during the hearing. Without the transcript of the proceedings, we must presume that the trial court properly weighed the evidence and determined the credibility of the witnesses.Dragojevic-Wiczen, supra. Accordingly, appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant asserts that the trial court abused its discretion when it found him in contempt for failing to pay fifty percent of the second mortgage. Appellant argues that the separation agreement provides that appellee was responsible for all payments regarding the marital residence, including the second mortgage. Appellant also argues that appellee gave false testimony regarding their Citizens Bank joint checking account.
A trial court, in enforcing a separation agreement incorporated into a divorce or dissolution decree, has the authority to hear the matter and clarify any confusion over the interpretation to be given a particular clause. In re Dissolutionof Marriage of Seders (1987), 42 Ohio App.3d 155, 156-156. A separation agreement is a contract and, as such, is subject to the same rules of construction. Forstner v. Forstner (1990),68 Ohio App.3d 367, 372. The agreement must be interpreted to give effect to the parties' intention. Skivolocki v. East Ohio Gas Co.
(1974), 38 Ohio St.2d 244; Brennan v. Brennan (Sept. 23, 1994), Erie App. No. E-94-16, unreported.
When interpreting a separation agreement, the words must be given their plain and ordinary meaning. Forstner, 68 Ohio App.3d 367. Where the disputed clause is subject to more than one interpretation, or is ambiguous, the trial court has broad discretion in clarifying the disputed language by considering the intent of the parties as well as the equities involved. In reDissolution of Marriage of Seders, 42 Ohio App.3d at 157. The determination of whether a term or clause is ambiguous, and, thus, extrinsic evidence may be considered, is a question of law. However, once a term or clause is deemed ambiguous, and conflicting evidence is admitted to determine its meaning, the interpretation of such evidence is a question of fact. Brennan,supra.
In the instant case, Section IV. of the separation agreement provides that "[t]he parties agree that the Wife shall have as her property the marital home and real estate" and that appellant "agrees to quit-claim all of his right, title and interest in connection thereto to the Wife. The Wife agrees to pay any and all expenses in connection therewith including the mortgage and hold the Husband harmless thereon."
Section V. of the separation agreement divides the debts and obligations of the parties. Relevant to appellant's assigned error, appellee agreed to assume the home mortgage with Citizens Banking Co. and 50 percent of the indebtedness with Citizens Banking Co. Likewise, appellant agreed to pay 50 percent of the indebtedness to Citizens Banking Co.
In its September 29, 1998 Judgment Entry, as to the second mortgage, the trial court found:
 "22.) Plaintiff's testimony regarding Defendant taking the checkbook when he left the martial residence, her being unaware of the possibility of it being overdrawn, Defendant's repeated assurances that he would reimburse her for the second mortgage and the second mortgage being the only other debt owned to Citizen's is deemed to be credible.
 "23.) The Court finds the Defendant did owe 50% on the second mortgage to Citizen's bank."
On review of the record, this court has before it the separation agreement and certain bank statements and canceled checks which were attached to appellant's motion for retrial. We find that the language in Sections IV. and V. of the separation agreement is ambiguous, because it fails to include the second home mortgage with Citizen's Banking Co. Section IV. refers only to the "mortgage," there is no reference to a second mortgage. Further, in Section V. there is no explanation as to the 50 percent indebtedness to Citizens Banking Co. Thus, since we have no transcript of the hearing in the lower court, and the record is devoid of evidence which would refute the court's factual findings, we conclude that the trial court did not abuse its discretion in interpreting the separation agreement based upon the testimony of the witnesses and the evidence presented. Accordingly, appellant's third assignment of error is not well-taken.
Appellant's fourth assignment of error challenges the trial court's refusal to find appellee in contempt for harassing appellant. The assigned error is replete with references to the September 23, 1997 hearing. Absent the hearing transcript, we must presume that the trial court properly weighed the parties' testimony and concluded that appellee's conduct did not rise to the level of harassment.
Dragojevic-Wiczen, 101 Ohio App.3d at 156. Therefore, appellant's fourth assignment of error is not well taken.
Appellant's fifth and final assignment of error challenges the trial court's decision to award appellee attorney fees. In particular, appellant contends that the trial court erred when, in awarding appellee attorney fees, it deemed appellant's motion to show cause "frivolous." Appellant further argues that the trial court failed to make the prerequisite determination, pursuant to R.C. 3105.18(H),[1] of appellant's ability to pay appellee's attorney fees.
"Whether to award attorney fees in a post-divorce action lies within the discretion of the trial court." Parzynski v.Parzynski (1992), 85 Ohio App.3d 423, 439. In addition, when a proper contempt order is issued, the court may award the prevailing party attorney fees. McDaniel v. McDaniel (1991),74 Ohio App.3d 577, 579.
Upon review of the record before this court, we do not find that the trial court abused its discretion in awarding appellee $300 in attorney fees. Accordingly, appellant's fifth assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
 _________________________________ Mark L. Pietrykowski, J.
JUDGE
CONCUR.
[1] R.C. 3105.18(H) provides:
 "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."