DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-Appellant the State of Ohio appeals the judgment of the Adams County Court, which granted Defendant-Appellee Chad Lewis' motion to suppress. Appellant asserts that the officer who stopped, and eventually arrested, appellee for operating a motor vehicle while under the influence of alcohol, a violation of R.C. 4511.19(A)(3), had probable cause to do so. It follows, according to appellant, that the trial court erred by granting appellee's motion.
 {¶ 2} For the reasons that follow, we disagree with appellant and affirm the judgment of the trial court.
 I. The Trial Court Proceedings {¶ 3} From the record presented for our review, we glean the following pertinent facts.
 {¶ 4} On September 16, 2000, Defendant-Appellee Chad Lewis was operating a motor vehicle in the Village of West Union, Ohio. At approximately 11:55 p.m. that evening, appellee was stopped by Patrolman Dale Gorman of the West Union Police Department. Evidently, Officer Gorman stopped appellee because he had observed appellee driving outside his lane.
 {¶ 5} Eventually, appellee was arrested and administered a breath test on a BAC Datamaster, the results of which revealed .139 grams of alcohol per 210 liters of his breath. Appellee was charged with operating a motor vehicle while under the influence of alcohol (OMVI), a violation of R.C. 4511.19(A)(3); driving under suspension, a violation of R.C.4507.02(D)(2); and driving outside of marked lanes, a violation of R.C.4511.25.
 {¶ 6} Appellee pled not guilty to the charges and eventually filed a motion to suppress. Appellee's motion sought to have all the evidence gathered following appellee's initial stop by Officer Gorman excluded, asserting that the officer lacked probable cause to stop appellee, thus violating his rights under the Fourth Amendment to the United States Constitution.
 {¶ 7} Following numerous continuances, the trial court held a hearing on appellee's motion to suppress. At that hearing, Officer Gorman testified. However, the record in the present case does not contain a transcript of the suppression hearing.
 {¶ 8} The trial court granted appellee's motion.
 II. The Appeal {¶ 9} The state filed a timely notice of appeal with the proper Crim.R. 12(K)(1) and (2) confirmations, and presents the following assignment of error for our review: "The trial court erred by granting the defendant's motion to suppress when sufficient probable cause existed for the stop of the defendant."
 A. Standard of Review {¶ 10} Appellate review of a trial court's ruling on a motion to suppress evidence is a "two-step inquiry." State v. Evans (July 13, 2001), 1st Dist. No. C-000565; accord State v. Moats , Ross App. No. 99CA2524, 2001-Ohio-2502 ; State v. Woodrum , Athens App. No. 00CA50,2001-Ohio-2650 . First, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. See Statev. Medcalf (1996), 111 Ohio App.3d 142, 145, 675 N.E.2d 1268; State v.Harris (1994), 98 Ohio App.3d 543, 546, 649 N.E.2d 7; In re Haubeil , Ross App. No. 01CA2631, 2002-Ohio-4095 . Second, "we engage in a de novo
review, without deference to the trial court's conclusions, as to whether those properly supported facts meet the applicable legal standards."Evans and Haubeil, supra.
 B. Failure to Provide a Transcript {¶ 11} In the case sub judice, appellant had the burden of providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support its assignment of error. SeeState v. Robinson (Oct. 23, 2000), Scioto App. No. 00CA2698; State v.Jones , 12th Dist. No. CA2001-03-056, 2002-Ohio-5505 ; State v. Tillman
(1997), 119 Ohio App.3d 449, 454, 695 N.E.2d 792. "When transcripts necessary for the resolution of assigned errors are omitted from the record, a reviewing court has nothing to pass on and, thus, has no choice but to presume the validity of the trial court's judgment and affirm." See Robinson , supra (citing Dragojevic Wiczen v. Wiczen (1995),101 Ohio App.3d 152, 156, 655 N.E.2d 222; Volodkevich v. Volodkevich
(1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237; Columbus v. Hodge
(1987), 37 Ohio App.3d 68, 523 N.E.2d 515.).
 {¶ 12} Although we note that the trial court's reliance on Statev. Brite (1997), 120 Ohio App.3d 517, 698 N.E.2d 478, is at best questionable based on our recent decision in State v. Woodrum , Athens App. No. 00CA50, 2001-Ohio-2650 , in the absence of a transcript of the suppression hearing, we must presume that these matters were considered and correctly resolved by the trial court. See Robinson , supra.
 {¶ 13} Accordingly, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed .
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.