DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Pickaway County Court of Common Pleas, which sentenced Defendant-Appellant Jeffrey A. Gilbert, Jr., who pled guilty to the offense of unlawful sexual conduct with a minor, a fourth-degree felony in violation of R.C. 2907.04, to eighteen months incarceration. The trial court also adjudicated appellant a sexual predator. Appellant argues that the trial court erred by imposing the maximum sentence allowed and by adjudicating him a sexual predator.
 {¶ 2} For the reasons that follow, we disagree with appellant's arguments and affirm the judgment of the trial court.
 The Trial Court Proceedings {¶ 3} In June 2001, twenty-two-year-old Defendant-Appellant Jeffrey A. Gilbert, Jr., of Ottawa, Ohio, met a fourteen-year-old girl over the Internet and made plans to meet her in person. Several hours after chatting over the Internet, appellant and the girl rendezvoused at the girl's home near Circleville, Ohio. Appellant then drove the girl, whom he thought to be fifteen or sixteen years of age, to a local motel. While at the motel, the girl informed appellant that she was fourteen. Appellant engaged in sexual intercourse with the girl. The following morning, appellant drove the girl to an intersection near her home, where he dropped her off. Appellant then returned home.
 {¶ 4} Prior to the girl's return home, her mother had called the Pickaway County Sheriff's Department and reported that her daughter had left home sometime during the night. After making the report, the girl arrived home and told her mother where she had been the night before. The girl also informed her mother that she had engaged in sexual intercourse with appellant.
 {¶ 5} Subsequently, the Pickaway County Sheriff's Department interviewed appellant. Appellant admitted meeting the fourteen-year-old girl over the Internet and in person. Eventually, appellant also admitted to having sexual intercourse with the girl after she had informed him that she was in fact fourteen years old. The Pickaway County Grand Jury indicted appellant on one count of unlawful sexual conduct with a minor, a fourth-degree felony in violation of R.C. 2907.04, a charge to which he eventually pled guilty.
 {¶ 6} The trial court accepted appellant's guilty plea, and subsequently held a sentencing and sexual predator classification hearing. Appellant was sentenced to the maximum sentence allowable, eighteen months. The trial court also found by clear and convincing evidence that appellant is a sexual predator.
 The Appeal {¶ 7} Appellant timely filed his notice of appeal and presents the following assignments of error for our review.
 {¶ 8} First Assignment of Error: "The Pickaway County Common Pleas Court erred in sentencing appellant to eighteen (18) months in prison."
 {¶ 9} Second Assignment of Error: "The Pickaway County Common Pleas Court erred in adjudicating and classifying appellant a sexual predator."
 I. Failure to Provide a Transcript {¶ 10} At the outset, we note that in the case sub judice, appellant had the burden of providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support his assignments of error. See State v. Robinson, Scioto App. No. 00CA2698, 2000-Ohio-1972; State v. Jones, 12th Dist. No. CA2001-03-056, 2002-Ohio-5505; State v. Tillman (1997), 119 Ohio App.3d 449, 454,695 N.E.2d 792. "When transcripts necessary for the resolution of assigned errors are omitted from the record, a reviewing court has nothing to pass on and, thus, has no choice but to presume the validity of the trial court's judgment and affirm." See Robinson, supra (citingDragojevic Wiczen v. Wiczen (1995), 101 Ohio App.3d 152, 156,655 N.E.2d 222; Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313,314, 549 N.E.2d 1237; Columbus v. Hodge (1987), 37 Ohio App.3d 68,523 N.E.2d 515.).
 {¶ 11} The record indicates that appellant requested that a transcript of the sentencing and sexual predator classification hearing be transmitted to this Court as a part of the record. Nevertheless, a transcript of the sentencing and sexual predator classification hearing was not included as a part of the record, and appellant did not supplement the record with a transcript or a statement pursuant to App.R. 9(C) or (D).
 {¶ 12} In his First Assignment of Error, appellant argues that the trial court erred by imposing the maximum sentence permitted by law. In appellant's Second Assignment of Error, he argues that the trial court erred by classifying him as a sexual predator pursuant to R.C. 2950.09. Appellant asserts that the evidence does not support the trial court's sentence or its determination that he is a sexual predator. Thus, the transcripts of the sentencing and sexual predator classification hearing are necessary in order for this Court to review these assigned errors. Since appellant has failed to provide us with a transcript or to supplement the record pursuant to App.R. 9, we have no choice but to presume that the trial court made the proper findings and that those findings are supported by the evidence. See Robinson, supra.
 III. Conclusion {¶ 13} Therefore, we overrule appellant's assignments of error in toto and affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the PICKAWAY COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., and Kline, J.: Concur in Judgment Only.