DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Meigs County Court judgment of conviction and sentence. The court found Dennis S. Kimes, defendant below and appellant herein, guilty of speeding, in violation of Village of Pomeroy Ordinance, O.R.D. 33.03B.
 {¶ 2} Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE MAYOR'S COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR DISMISSAL."
SECOND ASSIGNMENT OF ERROR:
 "THE ACTING MAGISTRATE IN MAYOR'S COURT SUPERSEDED HIS AUTHORITIES AS SET FORTH IN THE OHIO REVISED CODE."
THIRD ASSIGNMENT OF ERROR:
 "THE MAYOR'S COURT FAILED TO MAINTAIN A PROPER TRANSCRIPT OF THE PROCEEDINGS; BOTH ORAL AND DOCKET ENTRIES."
FOURTH ASSIGNMENT OF ERROR:
 "THE MAYOR'S COURT FAILED TO PROPERLY TRANSMIT THE CASE TO THE HIGHER COURT."
FIFTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN ARRAIGNING DEFENDANT ONCE AGAIN, THUS DENYING DUE PROCESS AS GUARANTEED UNDER THE U.S. CONSTITUTION."
SIXTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN THAT JUDGE STEVEN L. STORY SUPERSEDED HIS AUTHORITIES AS SET FORTH IN THE OHIO REVISED CODE."
SEVENTH ASSIGNMENT OF ERROR:
 "THE MEIGS COUNTY COURT FAILED TO MAINTAIN A PROPER RECORD OF THE EVENTS AT THE ARRAIGNMENT, IN THAT A TRANSCRIPT HAS NOT BEEN OBTAINED AFTER REPEATED REQUESTS BY APPELLANT."
EIGHTH ASSIGNMENT OF ERROR:
"JUDGE ERRED IN OVERRULING APPELLANT'S MOTION FOR DISMISSAL."
NINTH ASSIGNMENT OF ERROR:
 "JUDGE ERRED IN ASSIGNING CREDIBILITY TO PROSECUTION'S WITNESS WHICH WAS UNWARRANTED BY THE TESTIMONY PROVIDED."
TENTH ASSIGNMENT OF ERROR:
"JUDGE ERRED IN FINDING THE DEFENDANT GUILTY AS CHARGED."
 {¶ 3} On July 3, 2002, a traffic complaint was filed in Meigs County Court that charged appellant with speeding. Prior to the case being filed in Meigs County Court, the charge apparently first was initiated in Village of Pomeroy Mayor's Court. The record on appeal, however, does not contain any of the filings from the mayor's court.
 {¶ 4} On August 15, 2002, appellant entered a not guilty plea. On September 3, 2002, appellant filed a letter requesting an official court transcript of the proceedings heard on August 22, 2002. Also on September 3, 2002, appellant filed a letter stating that he intended to appeal the August 22, 2002 decision. The record, however, does not contain a journal entry dated August 22, 2002.
 {¶ 5} On October 17, 2002, the trial court filed its decision and (1) found appellant guilty of speeding, and (2) ordered appellant to pay a $21 fine and $65 in costs. The trial court found that appellant traveled on Nye Avenue in Pomeroy in a posted 35 mile per hour zone and that Village of Pomeroy Police Officer Brian Pearce clocked appellant traveling forty-six miles per hour.
 {¶ 6} On November 6, 2002, appellant filed a request under the Freedom of Information Act and requested an official transcript of the August 22, 2002 proceedings and any information regarding the August 22, 2002 proceeding.
 {¶ 7} On November 8, 2002, Crystal Kautz filed an affidavit. She stated that she received appellant's September 3, 2002 request for the August 22, 2002 transcript and advised appellant that "there were several transcripts." She requested appellant to make a deposit for preparing the transcript. Appellant paid $125 as a deposit. She prepared a receipt for appellant and advised appellant to contact her in three to four weeks to see whether the transcript was complete. On October 1, 2002, she prepared to start the transcript. She first called to verify that sufficient funds existed to cover the check. The bank representative informed her that sufficient funds did not exist.
 {¶ 8} On November 6, 2002, appellant came to Kautz's office and demanded the transcript. Kautz explained that she did not prepare the transcript because he did not provide a valid deposit.
 {¶ 9} On November 15, 2002, a Meigs County Court representative sent a letter to appellant and advised him that a tape recording of his hearing would be provided if he paid $4.99.
 {¶ 10} On November 18, 2002, appellant filed a notice of appeal from the trial court's October 17, 2002 judgment. Appellant stated that the notice served as an "amendment to appellant's previous appeal notice filed" on September 3, 2002. Appellant requested that an official transcript of the August 22, 2002 proceedings be prepared.
 {¶ 11} On November 22, 2002, a partial transcript, consisting of one page, of the initial pretrial hearing conducted on August 15, 2002 was filed.
 {¶ 12} Before we consider appellant's assignments of error, we observe that at the time appellant filed his September 3, 2002 "notice of appeal," the trial court had not journalized a final decision. Therefore, no order existed from which appellant could appeal. Appellant, however, properly perfected the appeal on November 18, 2002.
 I {¶ 13} In his first five assignments of error, appellant asserts that various irregularities occurred during the mayor's court proceedings. First, appellant argues that the magistrate erroneously denied his motion to dismiss. Appellant appears to assert that the magistrate should have dismissed the proceedings because a prosecutor was not present at the initial hearing. Second, appellant contends that the magistrate "superseded" his authority. Appellant seems to argue that because a prosecutor was not present at the initial hearing, the magistrate acted as a prosecutor and not as an impartial, third party. Third, appellant complains that the magistrate violated appellant's "civil liberties" by failing to notify appellant "of certain inalienable rights." Appellant claims that the magistrate did not read appellant his rights prior to asking appellant to enter a plea. Fourth, appellant argues that the mayor's court failed to maintain a proper record of the proceedings. Fifth, appellant asserts that the mayor's court failed to properly transfer the case to the trial court.
 {¶ 14} R.C. 1905.032 governs decisions to transfer cases from mayor's court to municipal court. The statute provides, in pertinent part, that a mayor may transfer a case from mayor's court to municipal court if the case involves a person charged with the violation of a law or ordinance within the jurisdiction of the mayor's court. R.C. 1905.032.
 {¶ 15} Additionally, a mayor may appoint a mayor's court magistrate to handle mayor's court judicial matters. R.C. 1905.05(A). R.C. 1905.05(A) provides: "A mayor of a municipal corporation that has a mayor's court may appoint a person as mayor's court magistrate to hear and determine prosecutions and criminal causes in the mayor's court * * *."
 {¶ 16} R.C. 1905.032(B) provides the procedure to be followed when a case is transferred:
 Upon the transfer of a case by a mayor under division (A) of this section, all of the following apply:
 (1) The mayor shall certify all papers filed in the case, together with a transcript of all proceedings, accrued costs to date, and the recognizance given, to the court to which the case is transferred.
 (2) All further proceedings under the charge, complaint, information, or indictment in the transferred case shall be discontinued in the mayor's court and shall be conducted in the court to which the case is transferred, in accordance with the provisions governing proceedings in that court.
 {¶ 17} In the case at bar, we fail to see how the alleged error, if any, prejudiced appellant. See Crim.R. 52(A) (stating that harmless errors shall be disregarded).
 Moreover, in the absence of a record from the mayor's court, we will presume the regularity of the proceedings. An appellant bears the duty to ensure a complete record on appeal. See State v. Prince (1991), 71 Ohio App.3d 694, 595 N.E.2d 376; Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon, and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm."
Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384.
 {¶ 18} Accordingly, based upon the foregoing reasons, we overrule appellant's first five assignments of error.
 II {¶ 19} In his sixth through eighth assignments of error, appellant argues that procedural irregularities occurred in Meigs County Court. Appellant asserts that (1) the trial court erred by arraigning him when he already had been arraigned in Mayor's Court; (2) the trial judge "superseded" his authority; and (3) the trial court failed to maintain a proper record of the arraignment.
 {¶ 20} Initially, we note that appellant did not present a transcript of the arraignment. Once again, we point out that an appellant possesses the duty to ensure that an adequate record is filed on appeal. In the absence of an adequate record, we are unable to review the merits of appellant's arguments and must presume the regularity of the proceedings. See Knapp, supra.
 {¶ 21} Accordingly, based upon the foregoing reasons, we overrule appellant's sixth through eighth assignments of error.
 III {¶ 22} In his ninth, tenth, and eleventh assignments of error, appellant asserts that the trial court erred by finding him guilty of speeding. In particular, appellant argues that Officer Pearce's testimony was not credible.
 {¶ 23} At this juncture we note that appellant has attached to his brief a copy of what he claims is a transcript of the trial court proceedings. An appellate court, however, may only consider a transcript prepared by an official court reporter. See App.R. 9; Twinsburg v.Atkins, Summit App. No. 20510, 2001-Ohio-1400. On appeal, the court is limited to reviewing the record provided under App.R. 9. See App.R. 12(A)(1)(b).
 {¶ 24} App.R. 9(B) states that if an appellant intends to argue on appeal that a trial court's factual finding is against the manifest weight of the evidence, the appellant must ensure that a transcript of all relevant evidence is included with the record. When the appellant fails to satisfy this obligation, an appellate court must presume that the evidence supported the trial court's findings. See Dragojevic-Wiczen v.Wiczen (1995), 101 Ohio App.3d 152, 155-156, 655 N.E.2d 222.
 {¶ 25} Additionally, a witness's credibility and the weight to be accorded to that testimony rests solely with the trier of fact. See Statev. DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus; see, also, State v. Noling (2002),98 Ohio St.3d 44, 49-50, 781 N.E.2d 88. As such, the trier of fact may believe all, part, or none of the testimony of the witnesses who appear before it. See State v. Long (1998), 127 Ohio App.3d 328, 335,713 N.E.2d 1; State v. Nichols (1993), 85 Ohio App.3d 65, 76,619 N.E.2d 80, 88; State v. Harriston (1989), 63 Ohio App.3d 58, 63,577 N.E.2d 1144, 1147. Thus, as a general rule reviewing courts should not second guess the triers of fact on matters of evidentiary weight and witness credibility. Accordingly, based upon the foregoing reasons, we overrule appellant's ninth, tenth, and eleventh assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Evans, J.: Concur in Judgment Opinion