OPINION *Page 2 
{¶ 1} Appellant Earnest O. Thorpe ("Thorpe") appeals from the May 21, 2008 Judgment Entry of the Court of Common Pleas, Allen County, Ohio, dismissing his habeas corpus petition.
 {¶ 2} This matter originated with Thorpe's 2002 conviction on one count of felonious assault and one count of vehicular assault. Thorpe was sentenced to nine years in prison for those convictions. SeeState v. Thorpe, 10th Dist. No. 04AP-245, 2005-Ohio-893.
 {¶ 3} On March 3, 2008 Thorpe filed a petition for a writ of habeas corpus. In his petition, Thorpe argued that his sentence should be vacated and set aside and that he should be released from prison due to his nonconsensual commitment to Oakwood Correctional Facility.
 {¶ 4} On March 25, 2008 the Ohio Attorney General ("OAG") responded on behalf of Appellee Phillip Kerns, Warden of the Oakwood Correctional Facility. The OAG filed a motion to dismiss/motion for summary judgment, arguing that Thorpe's petition was technically deficient and that habeas corpus was an unavailable remedy to Thorpe based on the facts alleged in the petition.
 {¶ 5} On May 21, 2008 the trial court dismissed Thorpe's petition for a writ of habeas corpus finding the following two fatal errors: *Page 3 
 First and foremost, the Ohio Revised Code mandates that at the time an inmate begins an action against a government official "the inmate shall file with the court an affidavit" containing a description of the civil action of each case such inmate has commenced in the prior five years. Ohio Rev. Code § 2669.25(A). Petitioner failed to file such case information sheet when his Petition for Habeas Corpus was filed, and for that reason, the Petition is fatally flawed. Further, Petitioner's filing of subsequent affidavit in the commencement of his action does not stand to correct this fatal flaw. See Fuqua v. Williams, 100 Ohio St.3d 211 (2003). For this reason, Respondent's motion to dismiss is well taken.
 Second, Ohio Revised Code Section 2725.04(D) requires a copy of commitment or detention papers of Petitioner and failure to do so is a fatal defect warranting dismissal of such petition. Petitioner Thorpe did not originally attach a copy of his commitment papers, and subsequently filed with this Court his incarceration papers. Because Petitioner never provided commitment papers referring to his confinement in Oakwood Correctional Institution, his Habeas Corpus Petition should be dismissed as fatally defective.
 {¶ 6} The trial court also considered whether, if the technical deficiencies did not exist in Thorpe's petition, a cause of action on which to proceed existed. The trial court found as follows:
 [H]abeas corpus may not be used as a substitute for other forms of action. Adams v. Humphreys, 27 Ohio St.3d 42 (1986). However, habeas corpus is appropriate to determine whether a person was denied due process in non-criminal involuntary civil commitment proceedings, where habeas corpus relief is the only adequate remedy for the vindication of the constitutional right of due process. In re Fisher, 39 Ohio St.2d 71 (1975). Sub judice, this is not the case, as Petitioner can bring his claims under a section 1983 action or an administrative appeal, and has not done so. After all, habeas is not the proper remedy to redress every [sic] prisoner has about her legal rights or status. *Page 4 
 Rodgers v. Capots 67 Ohio St.3d 435 (1993). As mentioned by Respondent, Petitioner's complaint does not concern the exercise of a court of competent jurisdiction, his conviction or sentence, but rather it challenges the conditions of his confinement.
 Petitioner seems to confuse his incarceration for felonious assault with his subsequent transfer to the mental health facility. A habeas corpus action is not the property [sic] remedy for the redress of the alleged above mentioned violations.
 {¶ 7} Thorpe now appeals, asserting eight assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY NOT ACCEPTING OR CONSIDERING PETITIONER'S EVIDENCE SUBMITTED NOT HAVING THE IMEDIATELY [SIC] REQUESTED, VIOLATION OF THE PETITIONER'S JURY TRIAL RIGHT AND THE RIGHT TO REMIAN [SIC] SILENCE [SIC].
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED RULING PETITIONER'S PETITION AS FATALLY FLAWED WITHOUT CONSIDERING THE PETITIONER ENTIRE RECORD FILED.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED DECLARING THE PETITIONER DID NOT FILE COMMITMENT PAPERS OR DETENTION.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED [SIC] VIOLATION THE PETITIONER'S DUE PROCESS CLAUSE RIGHTS, THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION BY DISMISSING PETITION FROM CLAIMS OF DEFENDANT'S SUMMARY JUDGEMENT [SIC]. *Page 5 
 FIFTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED [SIC] PREJUDICE AND OR BAIS [SIC] TO THE PETITIONER'S PICTURE AND FLAWED RECORD FILED WITH THE DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT [SIC].
 SIXTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED DISMISSING THE PETITION WITH PREJUDICE WIWTHOUT [SIC] A HEARING AND A RESTRAINTMENT [SIC] IN A MENTAL INSTITUTION IS UNLAWFUL DEPRIVE OF LIBERTY, THEREFORE PETITIONER'S PETITION WRIT FOR HABEAS CORPUS IS A PROPEER [SIC] CHALLENCE [SIC].
 SEVENTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED DID NOT RULE ON THE PETITIONER VIOLATION OF THE EIGHT [SIC] AMENDMENT OF THE UNITED STATES CONSTITUTION, THE FRIST [SIC] AMENDMENT OF THE UNITED STATE [SIC] CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION. THE PETITIONER BEING PHYSICAL AND MENTAL ABUSED DURIRNG [SIC] TRIAL COURT DECISION.
 EIGHTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED [SIC] GRANTED DEFENDANT'S ORDER IN VIOLATION OF E.R.A.P.R. (23) AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 {¶ 8} For ease of discussion, we elect to consider Thorpe's assignments of error together. In each of these assignments of error, Thorpe appears to argue that the trial court erred in dismissing his petition for a writ of habeas corpus.
 {¶ 9} Appellate review of a trial court's decision regarding a habeas corpus petition is an abuse of discretion standard. Charlton v.Money (August 7, 1997), *Page 6 
3rd Dist. No. 9-97-12 citing Dragojevic-Wiczen v.Wiczen (1995), 101 Ohio App.3d 152, 155, 655 N.E.2d 222. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court.Id.
 {¶ 10} The scope of a petition for a writ of habeas corpus is dictated by R.C. 2725.01, which provides as follows:
 Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation.
 {¶ 11} Typically, for the writ to be granted, the petitioner must successfully attack the jurisdiction of the sentencing court. R.C. 2725.05. See, also, Wireman v. Ohio Adult Parole Auth. (1988),38 Ohio St.3d 322, 528 N.E.2d 173. Alternately, a writ may be issued even though non-jurisdictional issues are involved. In that case, the petitioner must state with particularity the extraordinary circumstances of unlawful restraint and possess no other adequate legal remedy. State exrel. Jackson v. McFaul (1995), 73 Ohio St.3d 185, 187, 652 N.E.2d 746,1995-Ohio-228; State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591,593, 635 N.E.2d 26, 1994-Ohio-208. *Page 7 
 {¶ 12} In the present case, Thorpe does not allege in his petition an unlawful restraint, deprivation, or imprisonment. Instead, Thorpe appears to be wholly concerned with his transfer from Pickaway Correctional Institute to the Oakwood Correctional Facility. Thorpe states that he was transferred against his will, that he does not believe in mental institutions, and that he does not want to take medications for any psychiatric condition he may have. However, this does not meet the standard as articulated under R.C. 2725.01 as a proper subject of a petition for a writ of habeas corpus.
 {¶ 13} Moreover, courts have held that where a petitioner seeks to challenge the conditions of their confinement, remedies outside of habeas are available to them.
 "State prisoners challenging the conditions of their confinement have an adequate legal remedy by way of an action under Section 1983, Title 42, U.S. Code." Douglas v. Money (1999), 85 Ohio St.3d 348, 349, 708 N.E.2d 697, citing State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 637 N.E.2d 306; see, also, State ex rel. Bruni v. Leonard (1997), 80 Ohio St.3d 475, 476, 687 N.E.2d 441.
Waites v. Gansheimer, 110 Ohio St.3d 250, 251, 852 N.E.2d 1204,2006-Ohio-4358.
 {¶ 14} Therefore, we cannot find that the trial court abused its discretion in finding that Thorpe's challenges to the conditions of his confinement were not the proper subjects of a habeas petition. *Page 8 
 {¶ 15} Additionally, we agree with the trial court's finding that Thorpe's petition was fatally defective for failing to attach the required documents. First, R.C. 2725.04 required Thorpe to file a copy of his commitment papers with his petition.
 Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
 * * *
 (D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.
R.C. 2725.04. Failure to attach copies of the commitment papers to the habeas corpus petition requires the petition to be dismissed. SeeGriffin v. McFaul, 116 Ohio St.3d 30, 876 N.E.2d 527, 2007-Ohio-5506. Therefore, Thorpe's petition was subject to dismissal based on his failure to attach copies of his commitment papers to his petition.
 {¶ 16} Furthermore, according to R.C. 2969.25, Thorpe was also required to file with his petition a list of all other civil actions filed by the petitioner within the past five years:
 (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a *Page 9 description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 (1) A brief description of the nature of the civil action or appeal;
 (2) The case name, case number, and the court in which the civil action or appeal was brought;
 (3) The name of each party to the civil action or appeal;
 (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
R.C. 2969.25
 {¶ 17} The Ohio Supreme Court has held that, "[t]he requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." State ex rel. White v. Bechtel,99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, at ¶ 5. In Fuqua v.Williams, 100 Ohio St.3d 211, 797 N.E.2d 982, 2003-Ohio-5533, the Ohio Supreme Court expressly applied the requirements of R.C. 2969.25 to actions requesting a writ of habeas corpus. Moreover, the Fuqua Court specifically declined to allow later filing of this *Page 10 
statement to cure this defect in the petition. Therefore, Thorpe's petition was defective for failing to attach a list of all other civil actions commenced in the last five years to his petition.[1]
 {¶ l8} Accordingly, for all of the foregoing reasons, Thorpe's eight assignments of error are overruled, and the May 21, 2008 Judgment Entry of the Court of Common Pleas, Allen County, Ohio, dismissing Thorpe's petition for writ of habeas corpus is affirmed.
Judgment affirmed.
 WILLAMOWSKI and ROGERS, JJ., concur. r
[1] Pursuant to R.C. 2969.25, Thorpe was also required to file a list of all civil actions commenced in the last five years with his appeal. Thorpe failed to do so. *Page 1